UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

        Plaintiff,

    v.                                          Case No. 19-C-1630

BREA GRIFFIN, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Lamonte A. Ealy, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On November 25, 2019, the court entered a screening order of dismissal, finding that Plaintiff's complaint failed to state a claim upon which relief can be granted. On December 16, 2019, Plaintiff filed a motion for relief from judgment and a motion to alter judgment. Plaintiff filed a notice of appeal on the same day he filed his motions. Ordinarily, a notice of appeal deprives the district court of jurisdiction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). But "the district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal." *Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001) (quoting *Chi. Downs Ass'n v. Chase*, 944 F.3d 366, 370 (7th Cir. 1991)). Accordingly, the court will resolve Plaintiff's motions.

Rule 59(e) allows a court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). A manifest error is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A plaintiff must "clearly establish" that he is entitled to relief under Rule 59(e). *Harrington v. City of Chicago*, 433 F.2d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). A party may also file a motion for relief from a judgment or order under certain circumstances that include "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

After giving consideration to Plaintiff's arguments, the court concludes there is no basis to alter the November 25, 2019 order dismissing his complaint. Plaintiff's motion merely restates allegations previously presented to the court in his complaint. Plaintiff has not offered any factual or legal argument that convinces the court that its November 25, 2019 order was in error. Accordingly, Plaintiff's motions will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from judgment (Dkt. No. 13) and Plaintiff's motion to alter judgment (Dkt. No. 14) are **DENIED**.

Dated at Green Bay, Wisconsin this 18th day of December, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court